

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2008

# Pinedo-Villalobos v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pinedo-Villalobos v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1321.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1321

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4512 & 07-2616
_____

LUIS HUMBERTO PINEDO-VILLALOBOS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-698-032)
Immigration Judge: Honorable Henry Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2008

Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed April 28, 2008)
_____

OPINION
_____

PER CURIAM

Luis Humberto Pinedo-Villalobos petitions for review of an order of the Board of

Immigration Appeals ("BIA"). For the reasons below, we will deny the petition for

review.

Pinedo-Villalobos, a native of Mexico, entered the United States in 2000 without inspection. On June 28, 2004, Pinedo-Villalobos was charged as removable. An Immigration Judge ("IJ") granted Pinedo-Villalobos voluntary departure until December 22, 2004. On November 22, 2004, Pinedo-Villalobos filed a motion to reopen and argued that he was eligible to adjust his status. The IJ denied the motion to reopen because he found that Pinedo-Villalobos had not shown that he was prima facie eligible to adjust his status. The IJ found that while Pindeo-Villalobos had offered evidence that he had an approved I-130 Immediate Relative Petition, there were no visa numbers available.

On September 15, 2005, the BIA affirmed the IJ's decision without an opinion. Pinedo-Villalobos then filed a timely petition for review in the United States Court of Appeals for the Second Circuit. It was transferred to our Court and docketed at No. 06-4512. In May 2007, Pinedo-Villalobos filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania. The District Court transferred the petition to this Court where it was docketed at No. 07-2616 as a petition for review and consolidated with No. 06-4512.

Where the BIA affirms the IJ's decision without opinion, we review the decision of the IJ as if it were the decision of the BIA. Ghebrehiwot v. Attorney General, 467 F.3d 344, 350 (3d Cir. 2006). Because the IJ denied the motion on the grounds that Pinedo-Villalobos had not made a prima facie case for relief, we review the IJ's findings of fact for substantial evidence and his ultimate decision to deny the motion for an abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). In order to make a

2

prima facie case, the applicant must produce evidence demonstrating a "reasonable likelihood" that he can show that he is entitled to relief. Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004).

Pinedo-Villalobos argues that the IJ abused his discretion by failing to inform him at his August 2004 hearing that he could file for adjustment of status in nine months based on an approved I-130 Immediate Relative Petition with a priority date of December 31, 1992.[1] However, according to the Visa Bulletin issued by the Department of State, the current cut-off date for 2B visa applicants[2] from Mexico is April 1, 1992. See Visa Bulletin, No. 117 Vol. 8, April 2008 (U.S. Dept of State), available at http://travel.state.gov/visa/frvi/bulletin/bulletin_4177.html. An immigrant visa must be immediately available to an alien in order to adjust the alien's status. 8 U.S.C. § 1255(i)(2)(B). Thus, Pinedo-Villalobos was not, and is not, yet eligible to adjust his status. Therefore, the IJ did not abuse his discretion in denying the motion to reopen.

Pinedo-Villalobos also argues that the IJ abused his discretion in failing to sua sponte reopen the proceedings to avoid irreparable injury. He does not describe any potential injury. We lack jurisdiction to review an IJ's refusal to sua sponte reopen

---

[1] Before the BIA, Pinedo-Villalobos argued that the priority date at that time for immediate relative petitions for 2B-Mexico was March 1992. He appeared to believe that this meant that he would be able to adjust his status in nine months because his priority date is December 31, 1992.

[2] As an unmarried son over twenty-one years of age, Pindeo-Villalobos falls within the 2B category of family-sponsored preferences.

3

proceedings.  See Calle-Vujiles v. Ashcroft, 320 F.3d 472 (3d Cir. 2002).  Moreover, even if the IJ had reopened the proceedings, Pinedo-Villalobos is not eligible for relief as explained above.

For the above reasons, we will deny the petition for review in No. 06-4512. Because the petition for review in No. 07-2616 was filed more than thirty days after the BIA's September 2005 decision, we will dismiss it as untimely.  See 8 U.S.C. § 1252(b)(1); McAllister v. Attorney General, 444 F. 3d 178, 185 (3d Cir. 2006).